IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
DAWN and GREG BROWN,          )
as parents and next of        )
friends of A.B., a minor,     )
                              )
    Plaintiffs,               )
                              )    CIVIL ACTION NO.
    v.                        )      1:12cv735-MHT
                              )           (WO)
DOLGENCORP, LLC,              )
a corporation,                )
                              )
    Defendant.                )
```

OPINION

This lawsuit came before the court for hearing on September 6, 2013, for consideration and approval of the full and final settlement of the claims of plaintiffs Dawn and Greg Brown, on behalf of minor A.B., against defendant Dolgencorp, LLC. The court's consideration and approval is necessary because a minor child will receive the settlement. A.B.'s interests are represented by the Brown plaintiffs, as her parents and next friends. Based on the pleadings and the representations made in open court, the

court will approve the settlement and this case will be dismissed.

The factual and procedural background of this case may be summarized as follows: On June 1, 2012, A.B. was drinking out of a bottle sold by Dolgencorp, LLC, doing business as Dollar General.  Her tongue became stuck in the bottle and began to swell up.  The bottle could not be removed.  She was taken first to an emergency room in Enterprise, Alabama, and subsequently flown to Children's Hospital in Birmingham.  The bottle was then successfully removed.  A.B. had headaches and pain in her jaw, although her treating physician could not conclusively determine that those symptoms were caused by the bottle incident.  All of A.B.'s resulting medical costs were paid by Medicaid.  Her symptoms have now largely subsided and she is no longer being treated for any ailment in connection with this matter.

The Brown plaintiffs filed this case on behalf of A.B., alleging various theories of products liability

against Dolgencorp.  Dolgencorp answered and then filed an affidavit identifying a company in China as the actual manufacturer of the bottle.  Dolgencorp claimed immunity under Alabama's products liability statute.  After a recent substantial revision, that statute generally precludes products liability actions against distributors, with some limited exceptions.  See 1975 Ala. Code § 6-5-521.  Thereafter, the parties informed the court that they had reached a settlement agreement and moved for the court's approval.

Under the terms of the proposed settlement, A.B. will recover $ 7,500.00 from Dolgencorp.  From this amount, A.B. will receive $ 3,000; her attorneys will receive $2,500, out of which amount their expenses of $ 1,016.72 will be reimbursed; and Medicaid will receive $ 2,000 in settlement of its subrogation lien.

The court has reviewed the pleadings in this case and is familiar with the background of this lawsuit.  The court heard a detailed oral explanation of the positions

3

of all the parties in open court. The court received testimony and evidence related to liability, the injuries sustained by A.B., and the cost of A.B.'s medical care. The court concludes that Dolgencorp likely has no liability under Alabama law.

The court also heard testimony from the Brown plaintiffs, both of whom stated that they believe the settlement is in A.B.'s best interests. Both indicated that A.B.'s portion of the settlement would be placed in an interest-bearing account to fund her education and stated that they understood the money could be used only for A.B.'s benefit.

The court is satisfied that the terms and provisions of this settlement are understood and agreed to by all parties. Based on the record and testimony, as set forth above, the court finds that all the terms and provisions of the proposed settlement are in the best interests of minor child A.B. and are fair, just, and reasonable under the circumstances of this case. Therefore, the court will

approve the proposed settlement agreement and dismiss this case.

An appropriate judgment will be entered.

DONE, this the 11th day of September, 2013.

                                <u>/s/ Myron H. Thompson</u>
                             UNITED STATES DISTRICT JUDGE